FILED'07 JUN 15 10:28USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID ISAAC MAIMON,

Petitioner,

v.

BRIAN BELLEQUE,

Respondent.

Civil No. 06-1100-PA

OPINION AND ORDER

David Isaac Maimon
SID# 6211527
Oregon State Penitentiary
2605 State Street
Salem, Oregon 97310

Petitioner, *Pro Se*

Hardy Myers
Attorney General
Lester R. Huntsinger
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

Attorneys for Respondent

PANNER, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He asserts that the Oregon Board of Parole and Post-Prison Supervision ("Board") violated his constitutional rights when it voted to defer his parole release date in 2003. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is denied.

**BACKGROUND**

In February of 1985, petitioner was convicted in Multnomah County Case No. 830934470 of Rape in the first Degree and Sexual Abuse in the First Degree and sentenced to 20 years in prison with a 10-year minimum. He was also convicted in Multnomah County Case No. 830833888 of four counts of Sodomy in the First Degree, two counts of Sexual Abuse in the First Degree, and one count of Rape in the First degree and sentenced to 20 years, with another 10-year minimum. The sentences in Case No. 830934470 expired in November 1996, and his remaining sentences will expire in November of 2016, less any good time credits. Respondent's Exhibit 101.

On June 12, 1989, the Board established petitioner's initial release date as May 29, 2004. Respondent's Exhibit 104, p. 260. Due to credit for good behavior, the Board moved the initial release date up to July 1, 2001. Id at 265. At the time of petitioner's convictions, the Board had the authority to defer an inmate's parole beyond the initial release date if there was a

"psychiatric or psychological diagnosis of a present severe emotional disturbance such as to constitute a danger to the health or safety of the community. . . ." ORS 144.125(3) (1983). The Board therefore ordered that a psychological evaluation be performed in advance of petitioner's parole hearing.

In March of 2001, H.F. Shellman, Ph. D., a contract psychologist for the Board, performed the psychological examination ordered by the Board. Dr. Shellman diagnosed petitioner with Atypical Paraphilia with Sadistic Features, by history, and Antisocial Personality Disorder. Respondent's Exhibit 103, p. 42. He found petitioner's test results "showed evidence of repression, lack of insight, problems with self-control, and a very marked tendency to substitute fantasy for reality." Id.

In light of this unfavorable evaluation, petitioner hired his own psychologist to perform an independent evaluation. On September 14, 2001, John B. Nance, Ph.D., diagnosed petitioner with Post-Traumatic Stress Disorder with obsessive-compulsive symptoms, Paraphilia NOS, and Narcissistic Personality with antisocial characteristics. Id at 46.

Following these psychological examinations, on September 19, 2001, the Board deferred petitioner's release for 24 months finding that he suffered from a present severe emotional disturbance rendering him a danger to the health or safety of the community.

Respondent's Exhibit 104, p. 881. After this deferral, petitioner's new projected release date was July 1, 2003. Id.

Petitioner challenged the Board's decision to defer his release in a state habeas action in Marion County, but the Marion County Circuit Court dismissed the case. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. Maimon v. Czerniak, 197 Or. App. 124, rev. denied, 338 Or. 301 (2005). Although petitioner also challenged the Board's actions in a federal habeas corpus case, relief on the petition was denied and the case was dismissed with prejudice in Maimon v. Belleque, CV. 05-390-JO.

In advance of petitioner's anticipated release on July 1, 2003, the Board again scheduled petitioner for a psychological evaluation. Dr. Frank P. Colistro, Ed. D., performed his evaluation of petitioner in October of 2002 and diagnosed him with Atypical Paraphilia with Sadistic Features, by history, and Antisocial Personality Disorder. In his report, Dr. Colistro noted that petitioner's condition was "a severe one which continues to predispose him to the commission of crimes to a degree rendering him an ongoing threat to the safety of the community[.]" Respondent's Exhibit 103, pp. 48-54.

Based on Dr. Colistro's report, the Board again found that petitioner suffered from a present severe emotional disturbance and again deferred his release date for 24 months resulting in a

projected release date of July 1, 2005. Respondent's Exhibit 104, p. 928. The Board denied petitioner's administrative appeal, and the Oregon Court of Appeals affirmed the Board's decision without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 117-118.

Petitioner filed the current federal habeas action on July 31, 2006 raising five grounds for relief. However, petitioner's Ground Five claim is simply a prayer for relief asking the court to order his unconditional release from prison as a remedy for the constitutional violations he alleges. Accordingly, petitioner raises the following four grounds for relief:

(1) The Board violated petitioner's right to due process of law when it relied on a biased psychological report authored by Dr. Colistro;

(2) The Board violated petitioner's right to due process of law when it deferred his parole based on insufficient evidence of a present severe emotional disturbance;

(3) The Oregon Court of Appeals violated the *Ex Post Facto* Clause when it re-interpreted the pre-1993 version of ORS 144.125(3) to make it more difficult for prisoners to obtain parole; and

(4) The Board's decision deferring petitioner's release was a sentencing decision which constituted an unlawful enhancement of his prison term using facts not proven to a jury beyond a reasonable doubt.

## **DISCUSSION**

### **I. Standard of Review.**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in

a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id at 410. The state court's application of clearly established law must be objectively unreasonable. Id at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still defers to the state court's ultimate decision. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

## II. Analysis.

### A. Ground One: Biased Psychological Evaluation.

Petitioner asserts that his right to due process of law was violated when the Board accepted Dr. Colistro's psychological evaluation despite the existence of a conflict of interest based on a pending civil rights lawsuit plaintiff had filed in 2001. As both parties point out, inmates are entitled to have their parole release dates considered by the Board in a manner free from bias. Obremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990).

In June of 2001, petitioner filed a 42 U.S.C. § 1983 action against Diane Rea (Board Chairperson), Dr. Shellman, Dave Cook (Director of the Oregon Department of Corrections), and Stan Czerniak (Superintendent of the Oregon State Penitentiary). Respondent's Exhibit 115. As part of that civil suit, petitioner sent Dr. Colistro a letter informing Dr. Colistro that he might be subpoenaed unless he provided an affidavit for petitioner's use in

his civil rights case. Petitioner sought Dr. Colistro's input regarding his findings of present severe emotional disturbance in the psychological evaluations he performed for the Board. Respondent's Exhibit 110, pp. 749-50. There is no evidence that Dr. Colistro ever submitted such an affidavit or otherwise responded to petitioner's request. Petitioner sent similar requests to other psychologists, at least some of whom simply forwarded his requests to the Board. Id at 751-52.

More than a year later, on October 15, 2002, Dr. Colistro evaluated petitioner in advance of his anticipated release date of July 1, 2003 and noted in his report that petitioner had written to him "in June of 2001 that he intends to subpoena me with regard to a civil complaint." Respondent's Exhibit 103, p. 52. Petitioner did not object to Dr. Colistro's role as his evaluator until after the physician issued an unfavorable psychological report.

On January 23, 2003, petitioner mailed a motion to the Board seeking to strike the evaluation and grant a new examination. Petitioner asserted that "all of the current contracted psychologist's (sic) by the Board are biased towards me. . . ." Id at 108. The following day, petitioner moved to amend his federal civil rights complaint to include Dr. Colistro as a named defendant. The District Court denied the motion. Respondent's Exhibit 115 (docket sheet).

Petitioner's letter request to Dr. Colistro in 2001 asking him to provide guidance regarding findings of present severe emotional disturbance was not sufficient to create a conflict of interest of any kind. Indeed, it is clear that petitioner attempted to create a conflict of interest with Dr. Colistro by seeking to add him as a defendant in the civil rights case only **after** Dr. Colistro had issued an adverse psychological diagnosis in advance of petitioner's parole hearing. This does not arise to a due process violation. To the extent petitioner also seeks to characterize this is an equal protection claim, and assuming it was properly raised as such in this proceeding, it fails because there was no bias or conflict of interest.

**B. Ground Two: Insufficient Evidence.**

Petitioner next argues that the Board violated his right to due process when it concluded that he suffered from a present severe emotional disturbance without having sufficient evidence before it to justify such a finding. Although respondent asks the court to consider this claim abandoned because petitioner's supporting *pro se* memorandum argues it only in terms of an *ex post facto* violation, the court declines to do so.

As discussed in the Background of this Opinion, ORS 144.125(3) (1983) permitted the Board to defer an inmate's parole if there was a "psychiatric or psychological diagnosis of a present severe emotional disturbance such as to constitute a danger

to the health or safety of the community. . . ." The Oregon state courts interpreted the statute as follows: (1) the statute charges the Board with the task of determining whether a prisoner suffered from a present severe emotional disturbance such as to constitute a danger to the health and safety to the community; (2) the phrase "present severe emotional disturbance" presents a legal standard rather than medical one; and (3) the statute requires that a psychiatric or psychological diagnosis provide a foundation for the Board's finding that the emotional disturbance in question is "present" and "severe," but that the presence or absence of the specific language "present severe emotional disturbance" in the psychological evaluation is not dispositive. Brown v. Palmateer, 379 F.3d 1089, 1094 (9th Cir. 2004)(citing Weidner v. Armenakis, 154 Or. App. 12, 16-19 (1998), *withdrawn by order* July 13, 1998, *reasoning reaffirmed and adopted in* Merrill v. Johnson, 155 Or. App. 295 (1998); Christenson v. Thompson, 176 Or. App. 54, 61 (2001)).

Petitioner's claim is that there was not a sufficient basis for a finding of present severe emotional disturbance because there was no report which contained this specific diagnosis. Due process is satisfied if there is "some evidence" in the record to support the finding at issue. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) (applying this standard to prison disciplinary hearings);

McQuillon v. Duncan, 306 F.3d 895, 904 (2004) (applying "some evidence" standard to parole deferrals).

The Oregon courts have clearly held that the absence of a specific finding of present severe emotional disturbance in a psychological evaluation is not dispositive of that issue because such a finding is legal in nature, not medical. Dr. Colistro's report diagnosed petitioner with Atypical Paraphilia with Sadistic Features, by history, and Antisocial Personality Disorder, and he noted that petitioner's condition was "a severe one which continues to predispose him to the commission of crimes to a degree rendering him an ongoing threat to the safety of the community[.]" Respondent's Exhibit 103, pp. 48-54. This diagnosis was sufficient to provide the Board with "some evidence" to conclude that petitioner suffered from a present severe emotional disturbance, thus justifying the deferral of parole.

**C. Ground Three: *Ex Post Facto* Violation.**

Petitioner also claims that the Oregon state court interpretation of ORS 144.125(3) (1983) in Weidner, *supra*, constitutes a "judicial *ex post facto*" violation. The *Ex Post Facto* Clause of the U.S. Constitution prohibits states from enacting laws which, by retroactive operation, increase the punishment for a crime after its commission. Garner v. Jones, 529 U.S. 244, 250 (2000). "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this

precept." Id.; Lynce v. Mathis, 519 U.S. 433, 445 (1997). The relevant inquiry in cases involving parole is whether the amended rule creates a significant risk of prolonging a prisoner's incarceration. Garner, 529 U.S. at 251.

At the time of petitioner's crimes, the statute in question provided that parole could be deferred if a "psychological diagnosis of present severe emotional disturbance such as to constitute a danger to the health or safety of the community has been made with respect to the prisoner. . . ." ORS 144.125(3) (1983). Petitioner argues that from 1981 to 1991, the Board utilized an informal policy based on its reading of ORS 144.125(3) which required a psychologist to make a specific finding of present severe emotional disturbance before the Board could defer an inmate's parole, but that the Weidner decision retroactively vested the Board with this authority thus making it easier for it to defer parole. He therefore claims that these decisions amount to an *ex post facto* violation.

"[I]f a judicial construction of a criminal statute is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' [that construction] must not be given retroactive effect." Rogers v. Tennessee, 532 U.S. 451, 457 (2001). At the time of the Weidner decision, no Oregon appellate court had construed this statute. Given the language of the statute, the Weidner holding, and the absence of any prior

interpretations of ORS 144.125(3), the Weidner court's conclusion was neither unexpected nor indefensible.

It is also noteworthy that petitioner presented this precise issue in a prior habeas corpus proceeding with respect to a previous deferral of parole in Maimon v. Belleque, CV. 05-390-JO. In an Opinion and Order (#47) in that case dated January 3, 2007, the Honorable Robert E. Jones also concluded that the claim was without merit.

**D. Ground Four: Unlawful Sentencing Enhancement.**

Finally, petitioner argues that the Board unlawfully enhanced his sentence in violation of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). Respondent asserts that this claim was not fairly presented to the Oregon state courts, and is therefore ineligible for federal habeas corpus review. The court need not decide the exhaustion question because Apprendi and Blakely do not apply retroactively to cases on collateral review. See Rees v. Hill, 286 F.3d 1103, 1104 (9th Cir. 2004) (Apprendi not retroactive); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005) (Blakely not retroactive); see also 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.")

After conducting an independent review of the record in this case, the court concludes that the state court decisions denying

relief on petitioner's claims are neither contrary to, nor unreasonable applications of, clearly established federal law. Accordingly, the court denies relief on the Petition.

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED.

IT IS SO ORDERED.

DATED this 14 day of June, 2007.

Owen M. Panner
United States District Judge